## ALTHEIMER v. DAVIS.

1. HOMESTEAD: *Infant can not waive.*

A minor can not waive his right to a homestead during minority, and, being supposed to be under the control of others, does not perfect it by residence. The purchaser, at a probate sale, of the tract of land, to which the homestead of a deceased parent appertained, must take notice of the minor's right, and, if he use the homestead for his profit, must account to the minor for the rents.

APPEAL from *Jefferson* Circuit Court.

Hon. X. J. PINDALL, Judge.

*Bell & Elliott* for appellant.

There was no occupation by appellee, and no *selection* of a homestead, and no one was bound, until such *selection* was made. *Norris* v. *Kidd*, 28 *Ark.* No rent should have been estimated, prior to the bringing of the suit.

Altheimer v. Davis.

*Thos. B. Martin*, for appellee.

*Johnston* v. *Turner*, 29 *Ark.*, 280, *and Booth* v. *Good-win*, 29 *Ark*, 635, are conclusive of this case.

EAKIN, J.  This is an action by a minor for possession of a homestead, against purchasers of the tract, of which the homestead was a part, at a sale under order of the Probate Court.  There was judgment for possession, and for one year's rent.  Defendants appealed, and, upon the statement of appellee's attorney, endorsed upon the transcript, the cause has been advanced as a delay case.

The only error complained of is that rents were estimated for a period before the commencement of the suit.

A minor cannot waive his right to a homestead, during minority; and being supposed to be under the control of others, does not perfect it by residence.  The proceeds may be applied to his maintenance and education.  Those who buy, at probate sale the tract of land to which the homestead appertains must take notice of the minor's rights; and if they use his property for their own profit, cannot complain on being called to account.

What course might be proper for them, if the homestead had not been marked by metes and bounds, out of a larger tract, it is not necessary here to determine.  Upon the whole transcript it sufficiently appears that it had been done in this case, and was matter of sufficient notoriety to have been easily ascertained.  It is alleged in the complaint, and not directly, nor even impliedly, denied.

The assignment of the value of the rent is sufficiently supported by evidence, and seems reasonable.

All the points in this case are either settled by, or flow legitimately from, the rulings in the case of *Booth* v. *Good-win, et al.*, 29 *Ark.*, 633.

Affirm.